# CHARLESTON.

## STATE *v.* GRANT WATSON

## (No. 5628)

Submitted March 8, 1927.      Decided April 26, 1927.

1.  REASONABLE DOUBT—*Defining "Reasonable Doubt" to be Such as Reasonable Men Remembering Oaths Would Entertain With Respect to Serious Affairs Held Not Reversible Error.*

    An instruction on reasonable doubt, defining it as "such doubt as reasonable men, remembering their oaths, would entertain with respect to the serious affairs of life", is not ground for reversal. (p. 484).

2.  INSTRUCTIONS—*Generally Defendant Convicted of Lower Degree of Crime Concerning Which Jury Were Properly Instructed Cannot Complain of Erroneous Instructions Concerning Higher Degree; Instruction Not Containing Suffi-*

*cient Elements to Authorize Verdict of Malicious Wounding Did Not Give Defendant, Convicted of Unlawful Wounding, Cause for Complaint.*

The general rule is that where a crime is divided into degrees if the court commits error in instructing the jury as to the higher degree of such crime, and they return a verdict of guilty of the lower degree, as to which they were properly instructed, the defendant cannot complain.    (p. 484).

Error to Circuit Court, Barbour County.

Grant Watson was convicted of unlawful wounding and he brings error.

*Affirmed.*

*Wm. T. George,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant Grant Watson was tried upon an indictment charging him with maliciously wounding Hazel Boudman, and found guilty of "unlawful but not maliciously shooting (said) Hazel Boudman." To the judgment sentencing him to one year in the penitentiary the defendant prosecutes error.

The defendant, after having a physical encounter with Boudman (which seems to have been provoked by the latter), ran into his house near by and, returning with the shot gun, immediately fired upon Boudman, the shot taking effect in his leg. Boudman was removed to a hospital where he died several weeks later. Watson claimed that he shot in self-defense, while the state contends that the act was unnecessary and malicious. The finding of the jury upon the conflicting evidence is conclusive.

The errors assigned relate to the giving of instructions 1, 6, 8 and 9, and the admission of certain evidence, in behalf of the State.

Instruction No. 1, complained of, in effect told the jury that in order to establish self-defense it must appear from the evi-

dence that the defendant believed, and had reasonable grounds to believe, at the time of firing the shot, that he was in danger of death or serious bodily harm. This is a correct statement of the law of self-defense. *State* v. *West*, 98 W. Va. 138.

Instruction No. 6 undertakes to define reasonable doubt as being "such doubt as reasonable men, remembering their oaths, would entertain with respect to the serious affairs of life". Although it is the opinion of this Court that the jury is capable of determining the meaning of reasonable doubt, this instruction is not cause for reversal. *State* v. *Homer Males*, not yet reported.

Instruction No. 8 reads:

> "The court instructs the jury that they are the sole judges of the weight of the testimony of any witness who has testified before them in this case, and in ascertaining such weight, they have the right to take into consideration the credibility of such witness as disclosed from his evidence, his manner of testifying upon the witness stand and his apparent interest, if any, in the result of the case, and if the jury believe that any witness has knowingly testified falsely as to any material fact, they have the right to disregard all of the testimony of such witness or to give his testimony, or any part thereof, such weight as the same, in their opinion, may be entitled to and this applies to the accused as well as to any and all other witnesses in this case."

The contention that this instruction singles out the testimony of the defendant in violation of the rule enunciated in *State* v. *Vest*, cited, is not well founded. The instruction involved in the *Vest* case "in terms selected the testimony of defendant and directed the jury to consider his evidence and his interest in the case and to be cautious how they weighed it."

Instruction No. 9 told the jury that they should view the evidence from the standpoint of the defendant in determining whether there existed reasonable grounds of danger to him at the time of the shooting, and that if they believed from the evidence that there were in fact then no reasonable grounds of danger they should find the defendant guilty as

charged in the indictment. This instruction does not contain sufficient elements to authorize a verdict of malicious wounding. However, as the defendant was found guilty only of unlawful wounding, he has no cause for complaint. The general rule is that where a crime is divided into degrees if the court commits error in instructing the jury as to the higher degree of such crime, and they return a verdict of guilty of the lower degree, as to which they were properly instructed, the defendant cannot complain. 14 R. C. L. p. 17, 14 A. & E. Ann. Cas. 989.

The witness Audrey Boudman, the wife of the deceased, was permitted to testify over the objection of defendant ''for the purpose of showing the extent of the wound as understood by the deceased'' that her husband told her on several occasions after the shooting ''he was going to die.'' Whether this was pertinent testimony or not, its admission does not in our opinion justify reversal. We do not see how the defendant could have been materially prejudiced by this evidence. The death of Boudman was shown without objection.

The judgment of the circuit court is affirmed.

*Affirmed.*